LEE LEAVITT, *pet'r for partition, versus* EDWARD PRATT.

An unexecuted verbal agreement made by a mortgagee, for a valuable con-
sideration, to discharge a mortgage by a release, is void by the statute of
frauds.

Such an agreement will not constitute an estoppel *in pais.*

ON MOTION AND EXCEPTIONS from *Nisi Prius,* WALTON,
J., presiding.

PETITION FOR PARTITION.

The respondent offered to prove that the petitioner, in
consideration that the mortgager, the respondent's grantor,
had paid the money received from the respondent for the
land mortgaged to the petitioner, the latter agreed to dis-
charge the mortgage, and the presiding Judge admitted the
testimony, against the objection of the petitioner.

The verdict was for the defendant, and the petitioner ex-
cepted.

The remaining facts appear in the opinion.

*M. T. Ludden,* for the petitioner.

*Nahum Morrill* and *Thos. H. Haskell,* for the respondent.

APPLETON, C. J.—The petitioner claims title as mortga-
gee, and that he has entered for the purposes of foreclosure.
The mortgage debt has been paid but in part, and is still
outstanding. The mortgage has not been discharged by a
deed of release, from the person authorized to discharge it,
nor by causing satisfaction and payment, under his hand, to
be entered on the margin of such mortgage, in the register's
office, in accordance with R. S., 1857, c. 90, § 26.

The respondent purchased the land of the mortgager and
paid the purchase money to the petitioner, the mortgagee,
upon his verbal agreement to discharge the mortgage by a
release of the same, which he refuses to perform.

An unexecuted verbal agreement would constitute no bar
to the maintenance of this process.

Leavitt *v.* Pratt.

In Massachusetts and in this State, the interest of the mortgagee is held to be within the statute of frauds, and not to pass by delivery of the mortgage nor by parol assignment. *Warden* v. *Adams*, 15 Mass., 236; *Vose* v. *Handy*, 2 Greenl., 322; *Mitchell* v. *Burnham*, 44 Maine, 302. So, too, an oral promise, on sufficient consideration, made by a mortgagee to relinquish his claim to the land mortgaged, is void by the statute of frauds. *Parker* v. *Barker*, 2 Met., 423; *Maynard* v. *Hunt*, 5 Pick., 240; *Hunt* v. *Maynard*, 6 Pick., 488.

The law, however, on both of these points, has been held differently in some of the States. As, in New Hampshire, where it was decided that the interest of the mortgagee, being a mere incident to the debt, was not within the statute of frauds. *Southerin* v. *Mendum*, 5 N. H., 420. So, in many of the States, it has been decided that a mortgagee may release his mortgage by a sufficient parol agreement, though the mortgage be under seal and unpaid. *Wallis* v. *Long*, 16 Ala., 738; *Howard* v. *Gresham*, 27 Geo., 347; *Ackla* v. *Ackla*, 6 Barr., 228. But, as has been seen, the decisions have invariably been otherwise in this State and in Massachusetts.

Neither is there an estoppel *in pais*, by which the petitioner is to be precluded from maintaining this process. There was no concealment of any outstanding title on his part. The respondent was fully aware of the mortgage. He has not been misled as to the existence of any facts. If he sustains loss, it will be by his rash reliance upon a promise, which the law declares void. *Parker* v. *Barker*, 2 Met., 423; *Gray* v. *Bartlett*, 20 Pick., 186; *Odlin* v. *Gove*, 41 N. H., 465.

*Exceptions and motion sustained.*

*Verdict set aside.*

*New trial granted.*

DAVIS, KENT, WALTON, BARROWS and DANFORTH, JJ., concurred.