OSSIAN C. PHILLIPS, *in Equity, versus* LEE LEAVITT.

A mortgager of real estate, who has conveyed the mortgaged premises by deed of warranty to a third party, cannot maintain a bill to redeem.

An unexecuted verbal agreement to discharge a mortgage by a release is void by the statute of frauds.

BILL IN EQUITY.

The case was heard on bill, answer and proofs. The complainant substantially alleges that, on Sept. 19, 1860, he being seized in fee of an undivided fifth part of a certain farm, in Turner, conveyed the same in mortgage to the respondent, to save him harmless from a note of $500, signed by the complainant as principal and the respondent as surety; that, on June 22, 1861, the complainant conveyed his interest in the mortgaged premises to one Pratt, by joint deed of warranty with his co-tenants; that he so conveyed at the request and with the knowledge and consent of the respondent and said Pratt, and paid the sum of two hundred and fifty dollars, (the amount Pratt paid for the complainant's interest,) to the payee of the said note, at the request and with the consent of the respondent, which was indorsed thereon; that said amount was in full payment and satisfaction of said mortgage; that the respondent agreed to release his interest in the mortgaged premises upon the payment of said sum, but refuses so to do, &c.

Prayer of the bill was that the respondent might be required to release to the complainant.

Respondent denied that the complainant conveyed said premises to Pratt at his request, or with his knowledge or consent; or that the money was ever paid and indorsed on said note at his request, or with his knowledge or consent.

It appeared from the complainant's proofs, that, in 1858, he hired $500 of the treasurer of the Ministerial and School Fund of Turner, giving therefor his note also signed by the respondent; that he purchased with this money ten acres of land with the buildings thereon and mortgaged the same to respondent to secure him for signing the note; that, in Sept. 1860, complainant's father having died, and devised his farm to his five children, the complainant mortgaged his interest in the farm to the respondent, securing the same note, with an agreement that when the complainant caused to be indorsed upon the note the amount of complainant's interest in the farm, the latter mortgage should be satisfied; that he sold his interest in 1861, giving a deed of warranty (jointly with his brothers and sister) for $250, which was the full value thereof, and it was forthwith paid and indorsed upon said note; that all of these transactions were done at the request and with the knowledge and consent of the respondent; and that the respondent had foreclosed his mortgage on the ten acre place.

*Nahum Morrill,* for the complainant.

*M. T. Ludden,* for the respondent.

Appleton, C. J.—On the 19th September, 1860, the complainant mortgaged certain premises to the respondent, to secure him for having signed, as security, a note for five hundred dollars, given to Job Prince, as treasurer of the Ministerial and School Fund of Turner. On the 22d June, 1861, the complainant, by deed of warranty, conveyed the mortgaged premises to Edward Pratt, for the sum of two hundred and fifty dollars, with an agreement, as he says, that this amount, when paid, should be indorsed on the note before referred to, and that the mortgage should be released.

The amount was paid by the grantee and the indorser on the note, but the defendant, denying said agreement, refuses to discharge the mortgage or to release the same.

The complainant brings this bill to compel the respondent to release to him " all his pretended interest in said mortgaged premises, and that his title thereto may be perfected," &c.

The mortgager or his assignee may redeem upon paying, or offering to pay what is due, after deducting the amount already received and the value of one other tract, of which the mortgage has been foreclosed by him, it having been given to indemnify the respondent for signing as surety. But this complainant has parted with the equity of redemption and is not entitled to maintain the bill. R. S., c. 90, § 6, 13. When the assignee of the mortgager has conveyed the land by deed of warranty, he has no such interest as will enable him to maintain a bill in equity against the mortgagee to redeem the mortgage. *True* v. *Haley*, 24 Maine, 297; *Elder* v. *True*, 32 Maine, 105.

But there is another difficulty in the way of the complainant's bill, arising from the fact that the alleged agreement was not reduced to writing. In *Leavitt* v. *Pratt*, 53 Maine, 147, it was held, upon the same facts as are now asserted to exist, that an unexecuted verbal agreement made by a mortgagee to discharge a mortgage by a release, is void by the statute of frauds. *Bill dismissed, without costs.*

KENT, WALTON, BARROWS, DANFORTH and TAPLEY, JJ., concurred.