## GEORGE L. MUSSEY

v.

## AMOS C. BATES AND SAMUEL ·P. CURTIS.

RUTLAND COUNTY, 1892.

Before: Ross, Ch. J., Rowell, Tyler and Munson, JJ.

*Former adjudication.   Whole matter must have been involved.   Statute of frauds.   Agreement to sell lands.*
*Demurrer.*

1.  In order that a former adjudication may be a bar to a second suit it must appear that all the matters embraced in the second suit either were or ought to have been litigated in the first suit.

2.  The plaintiff declared for that the defendants upon receiving from him an absolute deed of certain premises, had loaned him certain money and agreed by parol to advance him further sums with which to put the land in shape to sell for building lots, to convey the lots when sold by the plaintiff

upon receiving the purchase price, and when the entire advances by them had been repaid to convey the balance of the land to the plaintiff, and to permit the plaintiff to retain possession of the land meantime, alleging a breach of these promises. The defendants pleaded in bar that heretofore the plaintiff had brought a suit in equity against them setting forth the loan, the conveyance and the other undertakings mentioned in the declaration, and praying that the absolute deed might be decreed a mortgage, that an account be taken of the amount due the defendants, and the plaintiff allowed to redeem upon the payment of such sum ; that an accounting was had and a decree made that the plaintiff might redeem upon paying to the defendants on or before a day certain the sum so found due, and in default of such payment should be foreclosed of all interest in the premises ; and that the plaintiff failed to make payment under this decree. The plaintiff demurred generally. *Held,* that the demurrer should be overruled for it did not appear that the plaintiff's damages consequent upon the failure of the defendants to give him possession of the land and furnish him money with which to market it were, or necessarily should have been determined in the equity suit.

3.  On the hearing of a general demurrer the whole record should be inspected and judgment given accordingly.

4.  Treating the facts stated in the plea as true, the statute of frauds does not bar the plaintiff's right of recovery on the contract, for by the plea it is conceded that the absolute deed was in fact a mortgage, and an agreement by the mortgagee that the mortgagor may remain in possession until condition broken, or that he will reconvey the premises upon the payment of the mortgage is not within the statute.

Assumpsit. Pleas, the general issue and special pleas in bar. Heard at the March term, 1891, START, J., presiding, upon general demurrer to the special pleas. The demurrer was sustained, *pro forma*, and judgment given for the defendant, to which the plaintiff excepted. The opinion states the case.

*C. M. Willard* for the plaintiff.

The former equity suit is no bar to this. The matters involved are not identical. *Evans* v. *Burge,* 11 Ga. 265 ;

_Bennett_ v. _Holmes_, I. D. & B., N. C. 486 ; _Flandreau_ v. _Downey_, 23 Cal. 354 ; _Wales_ v. _Lyon_, 2 Mich. 276 ; _Cleaton_ v. _Chambliss_, 6 Va. 86 ; _Salem I. R. Co._ v. _Adams_, 23 Pick. 256 ; _Harding_ v. _Hale_, 2 Gray 399 ; _Gage_ v. _Holmes_, 12 Gray 428 ; _Bodertha_ v. _Phelan_, 13 Gray 413 ; _Demerast_ v. _Dary_, 32 N. Y. 281 ; Cole v. _Connolly_, 16 Ala. 271 ; _Hutchinson_ v. _Dearing_, 20 Ala. 798 ; _Kingsland_ v. _Spaulding_, 3 Barb. 341 ; _Fisk_ v. _Leighton_, 44 Mo. 268 ; _Atchinson R. R. Co._ v. _Comr's_, _12 Ky._, 127 ; _Russell_ v. _Place_, 94 U. S. 606 ; _Davis_ v. _Brown_, 94 U. S. 423 ; _Howard_ v. _Kimball_, 65 Me. 308 ; _Tutt_ v. _Price_, 7 Mo. 194 ; _McLeod_ v. _Lee_, 17 Nev. 103 ; _Neil_ v. _Tolman_, 12 Ore. 289 ; _Geneva Bank_ v. _Riverside_, 25 Fed. 629 ; _Gilman_ v. _Morris_, 30 Fed. 476 ; _Clark_ v. _Blair_, 14 Fed. 812 ; _Faye_ v. _Patch_, 132 Mass. 105 ; _Lovillard_ v. _Clyde_, 48 N. Y. 409 ; _Sheldon_ v. _Bradley_, 37 Conn. 324 ; _Stringer_ v. _Adams_, 98 Ind. 539.

The contract sued upon was not for the sale of an interest in land.   _Wilkins_ v. _Milligan_, 88 Penn. 96 ; _Regman_ v. _Mashee_, 71 Ind. 596 ; _Hotchkin_ v. _Cox_, 47 Iowa 655 ; _McGinnis_ v. _Cook_, 57 Vt. 36 ; _Watton_ v. _Karner_, 67 Cal. 25 ; _Turner_ v. _Johnson_, 7 S. W. R. 570.

_J. C. Baker_ for the defendants.

No action at law can be maintained upon a parol contract for the sale of lands.   _Buck_ v. _Pickwell_, 27 Vt. 157 ; _Fitch_ v. _Burke_, 38 Vt. 683 ; _Sterling_ v. _Baldwin_, 42 Vt. 306.

In this case no possession was ever taken by the plaintiff. _Griffith_ v. _Abbott_, 56 Vt. 356 ; _Holmes_ v. _Caden_, 57 Vt. 111.

At law it cannot be shown by parol that an absolute deed was in fact a mortgage.   _Lindley_ v. _O'Reilly_, 50 N. J. Law 636 ; _Woodward_ v. _Jewell_, 140 U. S. 247.

The issues raised in this suit were or should have been passed upon in the equity suit.   Hence that adjudication is a bar.   _Embury_ v. _Conner_, 3 N. Y. 511 ; _Squire_ v. _Whip-_

*ple*, 2 Vt. 111; *Bank* v. *Railroad*, 28 Vt. 470; *Hayward* v. *Clark*, 50 Vt. 612; 1 Her. Est. and Res. Ad. s. 399.

MUNSON, J. The plaintiff declares upon an oral agreement by which the defendants, at the time of taking the title to certain premises as security for a considerable loan, undertook to pay the plaintiff a further sum to enable him to secure immediate possession of the property, and to leave him in the full possession and control of the same, and to furnish him such sums of money as might be needed for laying out streets thereon, and to convey at any time such portions thereof as the plaintiff might sell, upon payment to the defendants of the avails of the sales for application upon the plaintiff's indebtedness. The breaches assigned are the defendants' failure to perform these stipulations.

The defendants plead that the plaintiff has heretofore brought against them a bill in equity, in which he set forth such loan and conveyance and the undertakings now declared upon, and prayed that the conveyance be decreed a mortgage, and that an account be taken of the money paid out by defendants, and that they be decreed to convey the premises to the plaintiff upon payment of the sum found due; that the sum due in equity was thereupon ascertained, and a decree entered that the defendants convey the property to the plaintiff upon the payment of such sum, and that if the plaintiff should fail to pay the same by a certain day the defendants should thereafter hold the premises discharged of the plaintiff's claim; that the plaintiff failed to make payment in accordance with this decree, and so became barred of all interest in the property. The plea is demurred to.

The defendants thus seek to avail themselves of the well established doctrine that matters which have once been determined by a court of competent jurisdiction cannot afterwards be contested by the parties to such prior adjudication. But the plea does not in terms allege that the matters de-

clared upon were litigated in the chancery suit, and it cannot be said that they were necessarily embraced in the issues which are shown to have been litigated. The arrangement between the parties included both the transfer of this property to the defendants as security for a certain loan, and an agreement on the part of the defendants to give the plaintiff certain further aid as required. By his bill in equity the plaintiff sought only to have the character of his conveyance determined, and the amount which he must pay to entitle him to a reconveyance ascertained. So far as the matters declared upon were stated in the bill, it was for the purpose of showing the exact nature of the transaction in which the title passed, and thereby establishing the complainant's right to have the absolute deed declared a mortgage. He did not pray to have the damages resulting to him from the defendants' failure to perform these stipulations ascertained and applied in reduction of the loan. As the bill was framed, none of these matters would come in issue, unless the defendants claimed that they had made the further advances provided for, and so had increased the amount for which the property was holden.

So the plaintiff cannot be held to be concluded in these matters by the degree, unless upon the ground that he could and should have had them included in that adjudication. But we think his right to maintain the present suit cannot be denied on this ground. The stipulations declared upon were not so related to the executed part of the contract that the plaintiff's failure to put them in issue in proceedings for redemption can be held a waiver of his right to insist upon them afterwards. They did not go to the merit of the defendants' claim. If the defendants had voluntarily treated the deed as a mortgage, and had brought their petition to foreclose it, the damages resulting to the plaintiff from their non-performance of these stipulations would at most have been but matter of recoupment. But matters proper for re-

coupment may in some cases be withheld for independent adjustment. It was held in *Davenport* v. *Hubbard*, 46 Vt. 200, that one who had suffered judgment to pass against him by default in favor of a contractor for the full amount of the contract price for doing certain work was not thereby precluded from afterwards maintaning a suit to recover the damages arising from the contractor's failure to do the work within the time limited. The principle of this decision seems decisive in support of the plaintiff's right to maintain the present action, in the absence of anything to show that the matters declared upon were actually litigated in the former proceeding.

The pleadings raise the further question whether the agreement declared upon is within the statute of frauds as a contract for the sale of lands or of an interest therein. The only parts of the agreement that seem to require discussion in this connection are those which provide for the plaintiff's possession of the property, and for the conveyance of such portions of it as he might dispose of by contract. In considering this branch of the case it must be remembered that the suit in equity has conclusively determined that the deed held by the defendants, although absolute upon its face, was in fact a mortgage. So the provision relating to occupancy was not one giving the plaintiff a right to the possession of lands owned by the defendants, but a provision to indicate the character of the plaintiff's conveyance, and to secure to the plaintiff a mortgagor's right to retain the possession of his mortgaged premises. As a mortgagor he would have been entitled to possession until condition broken, without any agreement to that effect. R. L. 1,258. *Hooper* v. *Wilson*, 12 Vt. 695.

So, also, when the established relations of the parties are considered, the agreement to convey is seen to be no more than a mortgagee's agreement to execute a deed of the mortgaged premises upon receiving payment of the sum secured.

It appears from the declaration that the loan could be re-paid in such sums as might be derived from the sale of por-tions of the mortgaged property, and that the payment of any such sum was to relieve the land disposed of from the in-cumbrance.   It appears from the plea that this was set forth in the bill upon which the plaintiff obtained the decree es-tablishing his rights as a mortgagor ; and as this stipulation constituted the defeasance it was a matter necessarily em-braced in the adjudication.   It also appears from the decla-ration that the agreement to release by deed in this manner was a part of the original undertaking ; and if the plaintiff had declared upon the transaction as one established by the court of equity as a mortgage, and evidenced by its decree, he might perhaps have sustained his case without encounter-ing a question involving the statute of frauds.   But the facts alleged by the defendant cannot avail the plaintiff except upon the ground on which he has placed himself in his dec-laration.   1 Chit. Plead. 669.   But although the plaintiff must stand upon the ground of a parol agreement to convey, he is entitled to the benefit of the pleas demurred to, as show-ing what the interest was which it was thus agreed to con-vey.   The promise must be treated as if it were a subse-quent agreement, upon sufficient consideration, to execute conveyances of the mortgaged property upon receiving pay-ment in accordance with the terms of the defeasance.

There is a diversity of opinion upon the question whether a mortgagee's interest is one that may be transferred or dis-charged by parol.   In Massachusetts and in Maine it is held that this interest is within the statute of frauds, that it will not pass by a parol assignment, and that an oral prom-ise to relinquish it cannot be enforced.   *Warden* v. *Adams*, 15 Mass. 236 ; *Hunt* v. *Maynard*, 6 Pick. 489 ; *Mitchell* v. *Burnham*, 44 Me. 302 ; *Leavitt* v. *Pratt*, 53 Me. 147 ; *Phil-lips* v. *Leavitt*, 54 Me. 405.   On the other hand it is held in many states that the interest of the mortgagee is not within

the statute, and that it may be transferred or discharged by oral contract. *Southerin* v. *Mendum*, 5 N. H. 420; *Ackla·* v. *Ackla*, 6 Pa. St. 228; *Howard* v. *Gresham*, 27 Ga. 347; *Green* v. *Hart*, 1 Johns. 580. So there is authority for holding that a mortgagee's interest may be both transferred and discharged by parol. It is said by some text writers that the tendency of the decisions is decidedly in favor of this holding. Browne St. Frauds s. 65. It would doubtless be inconsistent with the views adopted in this State to hold that a parol transfer of a mortgagee's interest could avail the transferee in a suit at law. It has indeed been held, but without discussion and in reliance upon the decision of a court whose holdings on this subject are not entirely in harmony with ours, that an oral agreement to release a portion of the mortgaged premises upon the payment of a portion of the debt secured cannot be enforced because of the statute. *Merrill* v. *Pease*, 51 Vt. 556. But in the case under consideration the security was apportionable by the terms of the defeasance; so that the agreement to convey that part of the property apportioned to the amount of the debt to be paid was simply an agreement to discharge a mortgage by deed upon tender of satisfaction. It thus appears that the question for decision is whether an agreement to execute a deed of the mortgaged property upon the payment of the mortgage debt is a contract for the sale of an interest in lands.

It is certain that the mortgagee's interest, whatever name may be given it, is terminated by the payment of the debt secured, without action on the part of the mortgagee. When the debt is paid the right of the mortgagee is extinguished and the land becomes free by operation of law. No conveyance from the mortgagee is necessary to perfect the mortgagor's estate. There is nothing in the mortgagee to be reconveyed to the mortgagor. Whatever is done by way of discharge or release is done to furnish evidence of what has already been

fully accomplished by the payment. The methods specially provided by statute for the discharge of mortgages are not treated as exceptions to the provision regulating the conveyance of estates in land, for they are not regarded as passing an interest in land. An unconditional deed having been given in this case, it was essential that the discharge be by deed; but the agreement to execute a deed upon payment was an agreement to give the mortgagor the proper evidence of his having extinguished the mortgagee's interest, and not an agreement for the conveyance of an interest in land.

*Judgment reversed, demurrer sustained, second and third pleas adjudged insufficient, and cause remanded.*