GILMAN GALE *v.* JESSE COOPER.

CALEDONIA,
*July,*
1839

When an action on book is commenced, returnable before a justice of the peace, and the defendant in such action also commences an action on book against the plaintiff, returnable before another justice, at a day earlier than the return day of the writ in the first action, he may recover his cost. The statute, in addition to the justice act, passed Nov. 16, 1819, does not apply to such action.

THIS was an action of book account.

Judgment to account having been rendered by the county court, an auditor was appointed, who afterwards reported a balance due from the defendant to the plaintiff, and made a special report of the facts proved. The county court accepted the report and rendered judgment for the plaintiff to recover his damages and costs, and the defendant excepted.

The only question presented for the consideration of this court was, whether the plaintiff was entitled to costs in this action.

It appeared from the report of the auditor, that the defendant prayed out a writ, in his favor, declaring on book account, against the plaintiff, on the 23d of Nov. 1836, which was served on the plaintiff, at Sutton, on the first day of Dec. 1836, made returnable before a justice of the peace in Irasburgh on the 16th day of Dec. 1836, and in that suit a judgment was rendered against the defendant by default;—that on the second day of December, 1836, the plaintiff, Gale, prayed out his writ in the present action, against the defendant, Cooper, made returnable before a justice of the peace in Sutton, on the 15th of Dec. 1836, and that at the trial before the auditor, the defendant objected to the plaintiff's taxing any costs in this action, for the reason that the defendant's writ against the plaintiff, was prayed out and served upon the plaintiff previous to the commencement of the present suit.

The auditor overruled the objection, and allowed the plaintiff his costs of auditing his account. An exception was taken to the report, by the defendant, for other causes, and was overruled by the county court, but as it was not insisted upon in this court, it is here omitted.

*J. Cooper, T. P. Redfield and T. Bartlett, Jr.* for defendant.
*T. Howard,* for plaintiff.

The opinion of the court was delivered by

WILLIAMS, C. J.—The exception to the report of the auditor has not been urged in the argument, but the only question is, whether the plaintiff or defendant, or either are entitled to cost. All the cost in the case, whether it accrued in the trial before the auditor or before the county court, should be taxed by the county court, and unless exceptions are taken to particular items, as whether too much or too little travel, &c., were allowed, and the facts in relation thereto are stated by the county court, they cannot be noticed by this court. For this reason the only enquiry in this case is, whether the party is entitled to any costs. It appears that the defendant in this case commenced an action on book, against the plaintiff, Gale ; the writ was dated 23 November, 1836, served the first of December, and made returnable to a magistrate in Irasburgh, on the 16th of December, and that on the 16th December, judgment was rendered thereon by default ;—that Gale commenced his suit on the second of December, the day after the service of the other writ, and that it was made returnable before a justice in Sutton, on the 15th of December, the day before the other writ was returnable. This suit is the one now before us.

It has been settled that mutual actions on book may be maintained, and that each is independent of the other, though I think a different rule and practice would have better comported with the statute. The statute of 1819 was passed to regulate costs where a defendant, who had been sued in an action on book and had had an opportunity to avail himself of his account, should afterwards commence an action to recover the amount of such account. That statute only applies to those cases where the second action was commenced after a recovery in the first. It speaks of the defendant's neglect to plead his account, which could only be at the trial, and it also mentions the records of the *first judgment*. This statute cannot be extended to a case like the present, unless by a judicial legislation, which we are not at liberty to adopt. While these mutual and independent actions on book are permitted, I see not why a defendant should be compelled to follow a suit commenced by a

plaintiff, when in point of fact the plaintiff may be indebted to him and it may be necessary to commence a suit to obtain security therefor. One party as well as the other may prefer to have his account settled in the town where he resides rather than travel to the town where the other resides. The law did not compel Cooper to abandon his suit and have his accounts with Gale adjusted in the trial before the magistrate at Sutton, on the fifteenth of December, nor did it compel Gale to have his accounts adjusted before the magistrate at Irasburgh, on the sixteenth of December.

As the statute has made no provision in relation to costs in such case, the party recovering in each action is entitled to his cost.

The judgment of the county court is, therefore, affirmed.