THOMAS S. AND CHARLES P. GILSON *v.* L. BINGHAM.

*Warranty. Fraud. Executory Contract. Manufactured Article. Acceptance. Judgment. Voluntary Payment.*

In case of warranty or fraud in the sale of chattels, the property may be retained by the vendee and the sale affirmed, yet his right to sue upon the warranty, or for the deceit, will not thereby be affected.

If the vendee of an article manufactured for him under a special executory contract, there being no warranty or fraud, accept it, though defective, he becomes thereby bound to pay the contract price; but if he reject it and give notice of the non-acceptance, he can bring his action for the non-performance of the contract; but he cannot accept it and bring such action; nor can he accept it and impose conditions and sue the vendor for non-compliance with the conditions imposed.

A judgment recovered by the vendor for the balance of the price due for an article manufactured to order under a special contract, is a bar to a suit brought by the vendee for a breach of the contract.

A voluntary payment cannot be recovered back.

ASSUMPSIT upon an agreement by defendant to make and deliver a hearse to plaintiffs. Plea the general issue with notice. Trial by jury at the September term, 1870, WHEELER, J., presiding.

The plaintiffs' evidence tended to show that in April, 1865, they contracted with the defendant to make, at St. Albans, and send a hearse to the plaintiffs at Rutland, of a specified style of make and quality of material and finish, for two hundred and ten dollars.

That defendant made and sent a hearse to plaintiffs which was not according to the contract.    That several letters passed between the parties after the hearse was received by the plaintiffs, and, among the rest, one dated July 26, 1865, and another dated August 8, 1865, sent by the plaintiffs and received by the defendant, both of which are made a part of the case and hereafter set forth.

The defendant's evidence tended to show that the hearse made and sent was made and finished according to the contract, as he claimed it to have been.    The defendant's evidence also tended to show that after the plaintiffs received the hearse, on the 8th day of August, 1865, they sent to the defendant two hundred dollars towards the price of it, with the letter of that date ; that they refused to pay the balance, and that he, on the 11th day of December, 1865, brought a suit against them for it, before a justice in Franklin county, the declaration being the common counts in assumpsit ; that the plaintiffs appeared in the suit ; that the justice rendered judgment against them ; that they appealed from the judgment to the county court, and that the county court for Franklin county, at the April term, 1867, rendered judgment for the defendant against the plaintiffs for the balance of the price of the hearse.    The defects in the hearse, for which the plaintiffs claim to recover in this action, are mentioned in the letters of July 26 and August 8th, 1865.    The defendant requested the court to hold that the letter of July 26th, from plaintiffs to defendant, was such acceptance of the hearse and waiver of defects, and promise to pay for it, as would preclude the right of the plaintiffs to recover in this case ; also, that the recovery of the judgment by defendant against the plaintiffs precluded their right to recover in this case.

The court declined to hold in accordance with either request, and submitted to the jury to find what the contract in fact was ; and held that if defendant made and sent such a hearse as by the contract he was to make and furnish, the plaintiffs were not entitled to recover ; but if he did not, they were entitled to recover.

The defendant excepted to these rulings.    Verdict for the plaintiffs.

RUTLAND, July 26, 1865.

Mr. L. BINGHAM, St. Albans, Vt.

DEAR SIR:

The *hearse* is just arrived. We are much pleased with the general proportions of the same, except the shafts, which look clumsy. Should been worked round, with another bend at the ends, to look carriage like.

You wrote a special letter to know if we wanted the bands on hubs plated. We replied we did not, but wanted ends of the nuts plated, which you have overlooked. Some other plating we expected to find done, (tho' there was no special mention made of anything outside except the nuts), — say iron on foot-board, handle at sides and handle at doors behind. Inside, Mr. Stearns says, it was to be like Mr. Livingston's ; that is, the plated pins to hold the coffin. This, he says, was particularly stated when you gave the price. Tho' you will find nothing in our letters in regard to this point, only it should be like Livingston's. We should have been more particular on this point, only Mr. Stearns said it was distinctly understood. We have no other fault to find (beg your pardon), only the varnish, which looks bad indeed. This, probably, under the circumstances, is not your fault. Your money is ready, tho' we would like to hear from you before sending same.

Respectfully,        T. S. GILSON & CO.

RUTLAND, Aug. 8th, 1865.

L. BINGHAM, St. Albans, Vt.

DEAR SIR:

We send you this morning two hundred dollars ($200) for the hearse. I also enclose bills of expense we have been to, and we *have yet to get the iron laid on the bottom to set the pins into ;* according to contract you were to do this — furnish the pins,  -  -  -  -  -  $3 72

Plating pins,  -  -  -  -  -  -  -  9 00

"     hook,  -  -  -  -  -  -  -  1 00

"     4 nuts and capping and express, -  -  -  1 50

$15 22

But we send you $200.00 trusting the above is satisfactory.

I remain, respectfully yours,

T. S. GILSON & CO.

*Prout & Dunton* for the defendant.

If the hearse in question was not made according to the contract, the plaintiffs had their election, either to accept it and pay

the contract price, or to decline to receive it.   Smith's Mercantile Law, 644; *Miller* v. *Tucker*, 1 Carr. & Payne, 15; *Kellogg* v. *Denslow*, 14 Conn., 411.

The defects in the hearse complained of by the plaintiffs in this suit, were all patent, and there was such an acceptance of it as to preclude the right of the plaintiffs to recover.   3 Parsons on Con., 47; *Kellogg* v. *Denslow*, 14 Conn., 411; *Sprague* v. *Blake*, 20 Wend., 60; *Siexas* v. *Wood*, 2 Caines, 48.   *Oneida Man-ufacturing Co.* v. *Lawrence et als.*, 4 Cow., 440; *Hargons* v. *Stone*, 1 Seld., 73.

Where there is no fraud, as in this case, the purchaser of personal chattels, who accepts the same, when the sale is unconditional, has no remedy, unless there is a warranty. *Kellogg* v. *Denslow, supra*, and other cases cited.

There was no warranty in this case.   A warranty applies only to latent defects, the existence of which are not known to the purchaser when he accepts the property.   The fact that the contract was executory, does not vary the rule. ` *Hargous* v. *Stone*.

All the defects in the hearse, now complained of, having been known to the plaintiffs, prior to the commencement of the suit by the defendant against them in Franklin county, the judgment recovered by the defendant against the plaintiffs, for the balance of the price of the hearse, is a bar to this suit.   *Barney* v. *Goff & Cady*, 1 D. Chip., 304; *McCallister* v. *Reab*, 4 Wend., 485; *Still* v. *Hall*, 20 Wend., 51; *King & Mead* v. *Paddock*, 18 Johns., 141; *Cutter* v. *Powell*, 2 S. L. C., 37; *Mondel* v. *Steele*, 8 Mees. & Wels., 858; *Davis* v. *Talcott et als.*, 12 N. Y., 184; 2 C. & P., 514; *Weller* v. *Tucker*, 1 Ib., 15.

*C. H. Joyce*, for the plaintiffs.

The letter of July 26th was not an acceptance of the hearse, a waiver of defects in it, or a promise to pay for it.   Its object was to advise defendant of the fact that the hearse had arrived and that it was not according to the contract.

The recovery of judgment by defendant in the other suit is no bar to this.   In that suit, plaintiffs in this could plead or not as they choose.   *Gale* v. *Cooper*, 11 Vt., 597.

By statute a defendant *may* plead in offset or not; but if he does not, his claim is not barred. Gen. Sts., 33, § 1; Ib., 726, § 23; *Scott* v. *Niles*, 40 Vt., 573. *Carver* v. *Adams*, 38 Vt., 500.

The opinion of the court was delivered by

REDFIELD, J. This action is assumpsit for the non-delivery of a *hearse*, according to special contract. The plaintiffs contracted with defendant to manufacture and deliver at Rutland, to plaintiffs, the hearse of specific description, for the price of $210. The hearse was made and delivered to plaintiffs at Rutland, as defendant claims, fully according to the terms of the contract. The plaintiffs claim that in some things it was not fully up to what the contract required. When the plaintiffs received the hearse they wrote defendant, saying that they were much pleased with the general proportions of it, suggesting that defendant had overlooked plating the "ends of the nuts,"—"also plated pins." Varnish looked bad, but not defendant's fault, and concludes, "Your money is ready, though we would like to hear from you before sending." The plaintiffs received and retained the hearse without any further intimation to defendant until the 8th of August, when they sent to defendant $200, with a bill of the cost of making the hearse what the contract called for, amounting to $15.22, saying, "But we send you $200, trusting the above is satisfactory."

The defendant brought a suit to recover the balance of the contract price in Franklin county; the plaintiffs opposed and defended the suit, and appealed it into the county court, but defendant recovered the ten dollars.

I. The letter from plaintiffs to defendant, on the 26th of July, 1865, contains no intimation that plaintiffs purposed to disaffirm and rescind the contract; on the contrary the letter after suggestion of some deficiencies in the performance of the contract, and commending the general style of the hearse, proceeds to inform the defendant that the "money is ready," indicating most evidently that they *received* the hearse, accepted it on the contract, and was ready to pay for it as contracted.

In case of warranty or fraud, on the sale of chattels, there is no question; the property sold may be retained by the vendee,

and the sale affirmed, yet the right of the vendee to sue upon the warranty, or for the deceit, will not be thereby affected. The warranty is an independent contract, which is purchased by the vendee, and when broken can be sued like any other violated contract. And this is alike true in case of fraud and deceit. A wrong has been thereby inflicted, and for that wrong the party injured has his redress. This contract was executory ; a contract to manufacture an article of a certain kind for a stated price. There is no claim that there was warranty or fraud ; and if there were defects, they were obvious and patent. The vendee could either accept the article, and thereby become liable to pay the stipulated price, or he could *reject* it and give notice of the nonacceptance, and bring his action, if he so elects, for the non-performance of the contract; but he cannot do both, nor can he accept it and impose *conditions*, and sue the other party for noncompliance with the conditions which he has imposed. While the vendor is bound to perform his contract, he has the right to the return of the article delivered, or his pay at the stipulated price.

In *Percival* v. *Blake*, 2d Car. & Payne, 514, which was assumpsit for a vat which had proved defective, ABBOTT, Ch. J., held, if the defects were not discovered and notice given in a reasonable time, it could not be any defense in an action for the price. And in *Wilson* v. *Tucker*, 1st C. & P., 15, BURROUGHS, J., says: " If the goods supplied were not conformable to the order, the buyer must *return* them in a reasonable time, or he will be bound to pay for them."

In *Cook* v. *Giles*, 3 C. & P., 408, PARK, J., says, (in an action to recover the price of a threshing machine which was defective,) that " it was the duty of defendant either to have immediately returned or given immediate notice to the plaintiff to fetch it away." In *Growing* v. *Wenham*, 1 Stark. Ca., 257, which was an action for the price of clover seed sold by sample, the defendant was not allowed to show in defense that it was not according to sample, without proof that he offered to return the seed. The case of *Kellogg* v. *Denslow*, 14 Conn., 411, is a very thorough analysis of all the cases on this subject and very decisive authority, and we think the rule is well founded on reason and authority.

II.   The case shows that on the 8th of August, 1865, the plaintiffs paid to the defendant $200, as a full payment of the price of the hearse, and notified the defendant that they retained the $10.00 as an abatement from the contract price for some deficiencies in the finish of the hearse.   The defendant thereupon sued the plaintiffs for the $10, so abated and retained ; the plaintiffs appeared, defended and appealed the case, and were finally cast in the suit.   The issue in that case was, had these plaintiffs the right to retain that $10, as an abatement from the contract price ; and it was decided against them, and this suit is brought to recover back the *same money* which they have paid the defendant on his judgment.   This perpetual oscillation, by alternate suits of parties litigant, upon the same subject matter, if sustained, would be a judicial discovery of a " perpetual motion " which all philosophy has failed to reach.   But it is the interest of the state that litigation should cease ; and when a right to property has been once put in issue and legally tried, it is in law ended.   The determination of the former suit settled the right, as between these parties.   It is said by the plaintiffs' counsel, that the plaintiffs' actual claim is $15.22, and he could not have recovered the balance due him in his defense of the former suit.   But the plaintiffs *voluntarily paid* the stipulated price, except $10.00, and they could in no event recover back a *voluntary payment*.   Their claim was therefore limited by their own act to $10.   If these plaintiffs had sued defendant before he sued them, they could not have recovered the $10 because they had that in their own hands.   They could not have recovered beyond that, because they were precluded by a voluntary payment.

This suit is therefore brought, *because* they have paid the $10 to defendant in satisfaction of a legal judgment.   The judgment is reversed, and the cause remanded.

Our attention has been called to *Carver* v. *Adams*, 38 Vt., 500, and *Gale* v. *Cooper*, 11 Vt., 597, which decide that if a party omits to *plead an offset* he is not thereby precluded from collecting his demand.   But there was no offset or question of offset in this case.   It was a disputed claim and of *one single item*.