TOWN OF HARTLAND *v.* GILMAN HENRY.

*Evidence.    Arbitration and Award.*

Where it does not appear that a party objected to the admission of evidence, he cannot complain of error in the court in receiving it.

Where the evidence tended to show an agreement by parties and counsel at the close of the trial before the arbitrators, that they should determine and award as to the costs of the arbitration, which they did, and the court rendered judgment in assumpsit on the award, it is to be presumed the court found such agreement, if such agreement was necessary to justify the judgment rendered.

Where a suit was pending at the time of the submission and the submission contained a clause that the arbitrators "shall also adjudge the costs that may have already accrued in said suit now pending, to be paid to the recovering party, the same as though the case had been determined in court," it was *held* to be a submission of the costs of that suit, as explicitly as the cause of action involved in the suit.

Where an award names a gross sum found, and this sum embraces an item not within the submission, the award is not indivisible where it also names the character and amount of each item of which the entire sum is composed, and is not void, but the court may render judgment for the amount, with such item severed and deducted.

ASSUMPSIT ON AWARD.    Plea, the general issue, and trial by court at the December term, 1871, BARRETT, J., presiding.

Parol evidence was given tending to show that at the close of the trial before the arbitrators, by the consent and concurrence of the parties and counsel, the matter of costs of the arbitration was left to the arbitrators to be determined and awarded, and to that end the costs of each party were then taxed by the attorneys respectively, and put into the hands of the arbitrators.

It appeared that the submission was made a few days before the December term of this court, 1869, and the discontinuance of the suit thereby was then entered on the docket.    The arbitrators in their award allowed as costs of that term to the town, $2.60. The court rendered judgment for the plaintiff to recover the amount of the award, deducting said $2.60, which the court adjudged to be improperly embraced in the award.    To this defendant excepted.

SUBMISSION.

" Whereas, Gilman Henry commenced a suit against the town of Hartland for injury to a horse, and said suit is still pending in Windsor county court :

75

Now we agree to have said suit discontinued, and an entry on the docket be made to that effect, and we also agree to submit every and all claim under said suit to the arbitrament and determination of John W. Loveland of Norwich, and James N. Edminster of Windsor, whose award shall be final and binding upon the parties, and they shall also adjudge the costs that may have already accrued in said suit now pending, to be paid to the recovering party the same as though the case had been determined in court. * * * * * * * * * *

Woodstock, Vt., Dec. 2d, 1869.

JAMES G. BATES, Agent for Hartland,
GILMAN HENRY."

### AWARD.

That the town of Hartland is not liable to the said Henry for the matters charged and claimed in said suit. That the said Henry pay the said town of Hartland the sum of ninety-eight dollars and three cents, on demand. The said sum of ninety-eight dollars and three cents is made up as follows, a detailed statement of which is annexed for the benefit of those interested :

| | |
|---|---:|
| Cost of town of Hartland in said suit previous to arbitration, taxed and allowed at | $34.39 |
| Cost of the town of Hartland before the arbitration, taxed and allowed at | 22.69 |
| Arbitrators' fees, | 40.95 |

*Norman Paul*, for the defendant.

The parties having mutually agreed to submit all matters of difference arising out of the suit of *Henry* v. *Hartland*, to the arbitrators named in the submission, and reduced said agreement to writing, the court erred in receiving parol testimony to vary or change said agreement, there being no ambiguity in the submission or the award, which had also been reduced to writing.. 1 Greenleaf on Evidence, § § 281, 282 ; *Houghton* v. *Carpenter*, 40 Vt., 588 ; *Wright* v. *Fletcher*, 12 Vt., 431 ; *Ripley* v. *Page*, 12 Vt., 353 ; *Stackpole* v. *Arnold*, 11 Mass., 27 ; *Warren* v. *Wheeler et al.*, 8 Met., 97 ; *Powell* v. *Edwards*, 12 East, 6 ; *Sayward et al.* v. *Stevens*, 3 Gray, 97 ; *Furber* v. *Chamberlin*, 9 Foster, 405 ; *Biddell* v. *Dowse*, 13 E. C. L., 125.

The arbitrators exceeded their authority, as they awarded that Mr. Henry shall pay to the town of Hartland a specific sum

of money on demand, when said town had no claim against Henry, and made none at the hearing; their only claim was, that they were not liable to respond to the claim of damages made by Henry on said town. *Thrasher* v. *Haynes*, 2 N. H., 429; *Chase* v. *Stroin*, 15 N. H., 535; *Mackey* v. *West*, 39 E. C. L., 175; *Worthen et al.* v. *Stevens*, 4 Mass., 448; 3 Phillips on Evidence, 336; *Bigelow* v. *Newell*, 10 Pick., 348; *Cutting* v. *Carter*, 29 Vt., 72; *Morrison* v. *Buchanan*, 32 Vt., 289. Mistakes in computation cannot be corrected in an action at law on an award. *Newland* v. *Douglas*, 2 Johnson, 61; *Ex parte Cuerton*, 16 E. C. L., 321; *Hubbell* v. *Bissell*, 13 Gray, 298; *Renet* v. *Redington*, 13 N. H., 72.

*Charles P. Marsh*, for the plaintiff cited 7 Vt., 237; 28 Vt., 532; Bennett's Justice, 95; *Rixford et al.* v. *Nye et al.*, 20 Vt., 132; *Dalrymple* v. *Whittingham*, 26 Vt., 355.

The opinion of the court was delivered by

PECK, J. The county court committed no error in receiving the parol evidence as to the submission of the question of costs of arbitration to the award of arbitrators, of which the defendant can complain, as it does not appear that he objected to that evidence. The exception taken at the trial does not extend to the question of the admissibility of that evidence. Had the exceptions shown that the parol evidence was objected to on the part of the defense, there would have been more plausible ground to claim that the exception embraced the ruling of the court admitting it; but how this would have been, had the exceptions thus shown, we have no occasion to decide. Had exception been taken to the admission of this evidence, the question would have arisen whether it was not competent for the parties to thus enlarge the submission by parol agreement, if necessary to enable the arbitrators to award upon the costs of arbitration. The objection now urged to the sufficiency of this evidence, if admissible, cannot prevail. It is sufficient to show an agreement of the *parties*, as well as their counsel, to submit the question of costs of the arbitration to the decision of the arbitrators, and not an agreement by counsel

merely. At least such is its legal tendency, and it is to be presumed the court found such agreement proved, if such agreement is necessary to justify the judgment rendered by the county court.

The objection to the award, that the arbitrators exceeded their authority by awarding that the defendant pay to the plaintiff a sum of money, when, as defendant's counsel insists, the plaintiff neither had nor made any claim against the defendant, is not founded in fact. It appears by the written submission that the alleged cause of action for which this defendant had sued this plaintiff, by action at law, pending at the date of the submission, was submitted to the decision of the arbitrators, with a stipulation that they " shall also adjudge the costs that may have already accrued in said suit now pending, to be paid to the recovering party, the same as though the case had been determined in court." The claim of this plaintiff for costs of that suit is as explicitly made and submitted as is the cause of action involved in that suit. The question as to the right of the arbitrators to award the costs of the arbitration has already been disposed of.

It is further insisted that the arbitrators, by allowing the plaintiff the $2.60, costs of the action at law for the term at which the suit was discontinued, exceeded their authority, and that the award is thereby rendered void. Assuming that the arbitrators erred in allowing that item—which we do not decide—the county court having deducted that item, the defendant loses nothing by its allowance by the arbitrators. But it is insisted that the award is for a gross sum, and indivisible, and that the including of that item renders the whole award void. But an award cannot be said to be for a gross sum, within the principle contended for, when it names specifically the character and amount of each item of which the entire sum is composed. It is the same in legal effect as if the entire sum were not named, and is divisible, at least to the extent the arbitrators have thus divided it, if not further. Therefore if the principle is applied to this case, that an award for a gross sum, without a specification therein of the items of which it is composed, is indivisible, it does not render the whole award void; it can only vitiate the item of $34.39 cents of which the $2.60 is part, leaving the award that the town is not liable for the

matters charged and claimed in said suit, and the award for costs of arbitration, in force. But it does not appear that any such question as to this item was made in the county court, and we cannot presume it was made; as the only claim now made is that the including of the $2.60 vitiates the whole award. But we go further and hold, that even if the $2.60, costs of the term commencing just after the date of the submission, was improperly allowed by the arbitrators, it being a distinct, independent item, allowed at a specific sum, it does not render the entire award, nor the entire item in which it is included, void; but that it may be severed and deducted, as was done by the county court, and judgment rendered for the residue of the award.

Judgment affirmed.