## H. C. DAVENPORT v. J. M. HUBBARD.

*Practice.   Effect of a Judgment for the Contract Price, as a Bar to the Subsequent Recovery of Damages for a Breach of the Contract.   Gilson et al. v. Bingham, 43 Vt. 410.*

When evidence is received without objection, the party against whom it is given cannot afterwards object to it on the ground that it was not admissible under the pleadings.

The defendant contracted to dig a cellar and lay a cellar wall for the plaintiff by a certain time, at a certain price; but did not complete it within the time; whereby the plaintiff suffered damage.   After the job was finished, the defendant brought suit against the plaintiff, to recover the balance of the contract price due for the work, and recovered judgment by default for the full amount thereof, and collected said judgment.   Afterwards, the plaintiff brought this action to recover his damages for the breach of said contract.   *Held*, that said judgment and the satisfaction thereof, were not a bar to the plaintiff's right of recovery.

*Gilson et al. v. Bingham*, 43 Vt. 410, commented upon and explained.

ASSUMPSIT to recover damages for the breach of a certain contract by the defendant to dig a cellar and lay a cellar wall for the plaintiff, at a certain price agreed upon.   Plea, the general issue, and trial by the court, February term, 1872, Orleans county, RED-FIELD, J., presiding.

It appeared in evidence that the defendant contracted with the plaintiff to do a certain job of earth-work and stone-work in laying a cellar wall, and laying stone to receive the underpinning of a house, to be completed by a certain day limited in said contract. The court found that the defendant did not do the work within the time limited, and that, in consequence thereof, the plaintiff sustained considerable damage ; but the court did not deem it necessary, under the ruling of the court, to assess said damage.

It appeared that the defendant, some time after said job was completed, brought an action against the plaintiff, to recover a balance due on said job, and recovered judgment therein by default, and eventually collected the amount of the judgment ; after which, the present action was brought.   Said recovery was for the full amount of the contract price, deducting payments that had been made.   No objection was made to the evidence proving the judgment and payment thereof, at the time it was given.   When

the testimony was closed, the court decided that said judgment and the payment thereof, were a bar to the plaintiff's right of recovery in this action.

The plaintiff contended that he was entitled to recover, notwithstanding said judgment and the payment thereof; and, further, that at all events, he was entitled to recover under the pleadings in this case, and that proof of said judgment and the payment thereof, was inadmissible under the pleadings, to bar this action; but the court held otherwise, and rendered judgment for the defendant; to which the plaintiff excepted.

*J. T. Allen* and *Edwards & Dickerman*, for the plaintiff.

The judgment in the suit of *Hubbard* v. *Davenport*, is no bar to the present action. The subject-matter litigated in that suit, is not the same as in this suit. *Whitcomb et al.* v. *Williams et al.* 4 Pick. 228; 2 Parsons Cont. 248; *Minor* v. *Walter*, 17 Mass. 237; *Gale* v. *Cooper*, 11 Vt. 598; *Seddon* v. *Tutop*, 6 T. R. 608; *Barber* v. *Chapin*, 28 Vt. 413; Sedgw. Dam. 431, note 2, 451, note, 509; Story Pl. 190; *Ravee* v. *Farmer*, 4 T. R. 80; *Badger* v. *Titcomb*, 15 Pick. 409; 2 Smith Lead. Cas. 672. The present plaintiff was not bound to recoupe his damages in that suit; nor is he estopped by that judgment from maintaining the present action. *Brittan* v. *Turner*, 6 N. H. 494; 1 Chitty Pl. 570; *Town* v. *Norris*, 5 N. H. 259; 2 Parsons Cont. 248; *Minor* v. *Walter, supra;* 1 Greenl. Ev. § 532; *Carver* v. *Adams*, 38 Vt. 500; *Eastmure* v. *Laws*, 5 Bing. N. C. 444.

The judgment must be pleaded, under our statute. Gen. Sts. 291, § 15. If the defendant can plead a judgment, and thereby estop the plaintiff, and neglects to do so, he waives his estoppel. 2 Smith Lead. Cas. 445; *Sprague* v. *Waite*, 19 Pick. 455; *Isaacs* v. *Clark*, 12 Vt. 692; *Perkins* v. *Walker*, 19 Vt. 144. In the case at bar, there was no evidence tending to show that the cause of action in this suit had ever been adjudicated. "The judgment of a court of competent jurisdiction, until it is set aside or reversed, is conclusive as to the subject-matter of it; but this principle applies only to matters directly adjudicated, and within the cognizance of the court pronouncing judgment." *Minor* v. *Wal-*

*ter, supra.* The plaintiff's direct and consequential damages are greater than the balance due the defendant by the contract price, as adjudged to him in his suit. These consequential damages could not be recouped. 1 Smith Lead. Cas. 248, 278, 279, 280, 281, 282 ; *Brown* v. *Edgington,* 2 M. & G. 279 ; *Mondel* v. *Steele,* 8 M. & W. 858. A party is not bound to recoupe when his damages are greater than the balance due by the contract price. If he does recoupe, he can only do so to the extent of any balance due, as measured by the contract price, and by electing to recoupe the damages when sued for breach of contract, thereby precludes himself from afterwards suing for damages. Sedgw. Dam. 461, 462, 464, 465–472 ; 3 Sandf. 743 ; *Houston* v. *Young,* 7 Ind. 200 ; *Rankin* v. *Harper,* Ib. 585 ; *McKinney* v. *Sprague,* Ib. 68 ; *Apperly* v. *Bailey,* Ib. 72 ; *Cook* v. *Marly,* 13 Wend. 278 ; *Ives & McCarty* v. *Van Apper et al.* 22 Wend. 154.

*Belden & Ide,* for the defendant.

The case of *Gilson* v. *Bingham,* 43 Vt. 410, decides that a judgment recovered by a vendor for the price agreed upon, for an article manufactured to order under a special contract, is a bar, when properly pleaded, or *shown in evidence under the general issue with notice,* to a suit brought by the vendee for a breach of the contract. The principle of the decision is, that the subject-matter in such a case, is already *res adjudicata.* The present case is identical in principle with the one first cited, in every respect, except the one of pleading or notice, and in the fact that the former judgment in the present case, was obtained by default, instead of by appearance and decision after a controversy. But a default is, in law, an admission on the record, that the claim presented, and as presented, is *all* just and due. It concludes the *whole* matter as conclusively as any other judgment could do. This has been repeatedly decided by courts of high standing, in cases similar to the present. *Le Guen* v. *Gouverneur et als.* 1 Johns. Cas. 436, 491, 492, *et seq. ; Homer* v. *Fish et al.* 1 Pick. 435 ; *Marriott* v. *Hampton,* 7 T. R. 269 ; *Grant* v. *Button,* 14 Johns. 377 ; *Kist* v. *Atkinson,* 2 Camp. 63 ; *Holden* v. *Curtis et als.* 2 N. H. 61 ; *Cooper* v. *Martin,* 1 Dana, 23 ; *Thatcher et*

*al. exrs.* v. *Gammon,* 12 Mass. 268 ; *Fisher* v. *Samuda et al.* 1 Camp. 190.

The former judgment is a bar, equally when introduced as a matter of evidence, as when specially pleaded. In either case, it is a complete estoppel, a conclusive decision of the matter in controversy. *Gardner* v. *Buckbee,* 3 Cow. 120 ; *Burt* v. *Steinburgh,* 4 Ib. 559 ; *Embury* v. *Connor,* 3 Comst. 511 ; *Duchess of Kingston's* case, cited in 2 Smith Lead. Cas. 648 ; *Squires* v. *Whipple,* 2 Vt. 111 ; *Gray* v. *Pingry,* 17 Vt. 419.

Even the cases which hold the contrary of the above doctrine, say that *their* doctrine applies only to those cases where special pleading is required. 2 Smith Lead. Cas. 668. It does not extend to actions of assumpsit, where an estoppel, as a former recovery or bar, is embraced within, and may be given in evidence under, the general issue. *Young* v. *Black,* 7 Cranch, 565. *Miller* v. *Maurice,* 6 Hill, 114, decides, that in an action of assumpsit, a former judgment is admissible under the general issue. The courts of Pennsylvania hold the same view. *Kilhoffer* v. *Kerr,* 17 S. & R. 319. The same is true of the supreme court of the United States. *Young* v. *Black, supra.* And in this state the same decision has repeatedly been made. *Squires* v. *Whipple, supra ; Adm'rs. of Whitney* v. *Clarendon,* 18 Vt. 252 ; *Gilson* v. *Bingham, supra.* The Gen. Sts. (ch. 33, § 15) provide that a former judgment may be shown in evidence under the general issue ; and when so shown, it operates as a total extinguishment of the cause of action. The provision of the statute, that notice shall be given of the intention to show such judgment, is a privilege which the opposite party may waive, and does waive by allowing the evidence to be given without objection. The statute making such evidence admissible with notice, and the evidence when so admitted, being conclusive, and the want of notice having been waived, there can be no question in this case, but that the evidence does totally extinguish the right of action. The requirement of notice affects only the *admissibility* of the evidence, not its *effect* when once admitted. Being admitted without objection, it must have its legal effect and operation. *Thompson* v. *Congdon,* 43 Vt. 396 ; *Porter* v. *Gile et als.* 44 Vt. 520.

The opinion of the court was delivered by

Ross, J. No objection was taken to the defendant's evidence showing that subsequently to his completion of the work on the cellar, he had recovered judgment against the plaintiff for the balance of the contract price for doing said work, and had collected the amount of said judgment. After the evidence was thus received without objection, the plaintiff insisted that the same should not be considered, because the defendant had pleaded only the general issue, and the evidence, if it had any tendency, had the tendency to show that the plaintiff's right of action, if it ever existed, had been extinguished by this judgment in favor of the defendant. By the Gen. Sts. ch. 33, § 15, in actions of assumpsit, and some other actions, matter operating to extinguish the right of action which once existed, must be pleaded specially, or notice must be given in writing, that the matter will be relied on as a defence under the general issue. Under the state of the pleadings in this case, it would have been error for the court to have received evidence of the former judgment in favor of the defendant, if the evidence had been objected to when it was offered. By allowing it to be received without objection, the plaintiff waived any objection he might have had on the ground that it was inadmissible under the pleadings in the case. *Hartland* v. *Henry,* 44 Vt. 593. The evidence was properly before the court, because received without objection, and the court then had to determine only in regard to its legal effect. If its legal effect was to defeat the plaintiff's right of recovery, the court properly rendered judgment for the defendant. This brings us to the principal question in the case. What effect is to be given to the prior judgment, by which the defendant, after the completion of the work on the cellar, recovered by default, and collected of the plaintiff, the balance of the price contracted to be paid for doing the work ? Did such recovery defeat the plaintiff's right to recover damages sustained by him from the failure of the defendant to complete the work within the time limited by the contract, and from the unskillful manner in which the work was performed ? The court held that the judgment in favor of the defendant, and the payment thereof by the plaintiff, were a bar to the plaintiff's

right of recovery. The payment by the plaintiff of the defend-
ant's judgment, appears to have been compulsory. There are no
facts stated in the exceptions, which tend to show it was a volun-
tary payment, and as such would affect the plaintiff's right to re-
cover in this case. It is evident that the plaintiff's causes of ac-
tion are not barred on the ground that they were adjudicated in
the defendant's suit, in the sense that they were therein tried.
In that suit the defendant sued for and recovered the full price
stipulated in the contract to be paid for the work, deducting what
had been previously paid. In no way were the plaintiff's alleged
causes of action necessarily involved in the trial of the issue
presented by the defendant in his suit. There is a class of cases
in which a party seeks to recover for work done and materials
furnished, in regard to which no price has been agreed upon be-
tween the parties. In such cases, the workman recovers upon
*quantum meruit*, and of necessity must show what he reasonably
deserves to receive, under all the circumstances, for his labor and
materials. Any failure of the workman properly to perform the
work, and any damage to the employer from known unskillful-
ness in its performance, is involved in the determination of the
issue presented by the plaintiff. A failure by the employer when
sued, to show the damages sustained by him from any known un-
skillfulness or improper performance of the work, would bar
him from again litigating, in a suit in his own favor, in regard to
such damages. But where the price to be paid for the work, or
for an article sold with warranty, was agreed upon, it was, for
a time, a disputed question in the common law courts of England,
whether the employer or purchaser could, in defence, or in reduc-
tion of the contract price, show that the work had been improp-
erly or unskillfully performed, or that the article purchased did
not answer the warranty. It was finally resolved that the em-
ployer or purchaser, if he had received no benefit, might show
such matters in defence of an action by the workman or vendor;
but if he had received some benefit, the workman or vendor must
recover, and the employer or purchaser resort to a separate ac-
tion for negligence or false warranty. *Basten* v. *Butler*, 7 East,
479, and notes. It was not held by that court, so far as we are

aware, that the employer or purchaser must, when sued by the workman or vendor, show such matters in defence or be barred from all remedy. This court has allowed a defendant when sued for the price of a horse sold with warranty, to show a breach of the warranty in reduction of the price. *Walker* v. *Hoisington & Harding*, 43 Vt. 608. It has not as yet decided, that a defendant must show when sued for the price, such matters, if known to him, in reduction, or he thereby loses all right to recover for the breach of the warranty. It would operate as a hardship upon the purchaser, to be always bound to do so. It would limit the extent of his recovery for the breach of warranty or of the contract, to that part of the price which remained unpaid,—often a very inadequate remedy,—unless he plead it in set-off. A plea in set-off sets up an independent cause of action, and may be used or not, as a defence, at the pleasure of the defendant. If he forbears to use it, his right to establish his claim by a separate action is not, as a general thing, impaired. " The essential difference between recoupment and reduction on the one hand, and set-off on the other, is, that in set-off, the ground taken by the defendant is, that he may owe the plaintiff what he claims, but a part or the whole of this debt is paid, in reason and justice, by a distinct and unconnected debt which the plaintiff owes him." 2 Parsons Cont. 247. It is sometimes difficult to discriminate set-off from reduction or recoupment. The former bears so close analogy to both of the latter, and is often so mingled with them by the facts of a case, as to render it difficult to determine in which form the opposing demand should be brought against the plaintiff's claim. A defendant may generally reduce the plaintiff's claim, by all just demands and claims owned by him, and payments made by him arising in the very same transaction or, sometimes, in other closely connected transactions. So far as the reduction is a payment, or grows out of, and is directly connected with, the very claim which the plaintiff seeks to recover, it ordinarily is barred by the plaintiff's recovery. But when the claim of the defendant is for a breach of a stipulation in the contract other than, and independent of, the one relied upon by the plaintiff, we are not aware of any authority which holds that he is barred from prose-

cuting his claim in an independent action, if he fails to avail himself of it as a defence to the plaintiff's suit. We think he is not barred; for the reason, that his claim may exceed that of the plaintiff, so that he could not have a full remedy by way of reduction or recoupment; and by set-off, he might be deprived from securing only so much of his claim as might happen to be due from him to the plaintiff. In speaking of matters to be shown in defence, the term *recoupment* is often used as synonymous with *reduction*. The term is of French origin, and signifies cutting again, or cutting back, and as a defence, means ·the cutting back on the plaintiff's claim by the defendant. Like reduction, it is of necessity limited to the amount of the plaintiff's claim. It is properly applicable to a case where the same contract imposes mutual duties and obligations on the two parties, and one seeks a remedy for the breach of duty by the second, and the second meets the demand by a claim for the breach of duty by the first. 2 Parsons Cont. 247. Doubtless the same matter may sometimes be used as a defence in recoupment or in set-off, as the exigencies of the. case may require. When it could be used in set-off, what has been said on the subject of set-off, is applicable to claims of a nature suitable to be used in recoupment. It might be less expensive and tend to decrease litigation, to hold in all cases where the defendant may have a full remedy by using his claim in reduction, recoupment, or set-off, that he must avail himself of one of· these methods of defence, and that his failure to do so, should bar him from prosecuting his claim in a separate action. This could not be held on the ground that the claim of the defendant was, in fact, adjudicated in the plaintiff's suit, except in the cases heretofore named; but on the ground that he had had an opportunity to litigate his claim, and public policy required that he should avail himself of it. It may be questioned, however, whether much would be gained in the decrease of litigation; whether courts would not be as much occupied in determining whether the defendant had reason to believe he could have had a full remedy for his claim in using it as a defence, as they would in trying his claim in a separate action. In most cases, when he can do so with safety, a defendant is more than willing, is even anxious, to avail himself.of

all his resources to defeat the plaintiff's claim, if but in part. When the defendant's claim is not involved in the trial of the issue presented by the plaintiff's suit, but is in character a set-off, although he might use it as a defence in reduction or recoup- ment, we think, upon authority and principle, he has, and ought to have, the right to forego the use of it as a defence, without prejudice to his right to prosecute it in a separate action. In the case at bar, the claims sought to be enforced by the plaintiff, al- though arising under the same contract under which those en- forced by the defendant's suit arose, are other than, and indepen- dent of, the issues involved in the trial of the defendant's suit. We think they were neither adjudicated nor barred by the judg- ment in the defendant's suit. We are aware there is quite a large class of cases in which it has been held, that a recovery by the vendor, of the contract price of goods sent or manufactured in answer of an order, is a bar to a subsequent suit by the purchaser for the recovery for defects in the goods which were known by the purchaser to exist at the time of the recovery by the vendor. These cases stand upon the principle that the purchaser, by allow- ing the recovery in favor of the vendor, waived all claim arising from any failure of the goods to answer the order, of which he had knowledge at the time of such recovery. In such cases, the purchaser is barred from prosecuting the vendor for such a known failure in the goods, by his conduct, the same as he is when, know- ing that the goods are not such as he ordered, he keeps and uses them ; and not because his claim of damages for such failure in the goods, was adjudicated in the vendor's suit for the recovery of the contracted price. By allowing the vendor to recover the contract price, he as effectually accepts the goods, and waives all known defects in them, as he does by keeping and using them. Most of the cases cited by the counsel for the defendant, are of this class, and not applicable to the case at bar. Courts, in de- ciding such cases, have not always been careful to state the exact ground on which they are a bar to a subsequent suit in favor of the purchaser, and have sometimes used language which would convey the impression that the purchaser's claim of damages for a failure of the goods to answer the order, was adjudicated in the

suit for the recovery of the contract price. The case of *Gilson et al.* v. *Bingham*, 43 Vt. 410, strongly urged as an authority for the defendant, and which seems to have been misunderstood by some of the profession, belongs to this class. As is said by Judge REDFIELD in the opinion, the plaintiffs in that case, upon the authority of many well considered cases, could be held to have waived their claim of damages for defects in the hearse, by receiving and keeping it after they were aware‡that it did not, in all particulars, answer the contract. They thereby accepted the hearse as a fulfilment of the contract. The plaintiffs' acts in paying the $200, and in allowing the defendant to recover by default in Franklin county, $10, the balance of the contract price, were a complete waiver of their right thereafter to pursue the defendant for such failures in the hearse as were known by them to exist at the time of the recovery by the defendant. The plaintiffs were barred or estopped from pursuing the defendant, by their acts, and not because their claim for damages, occasioned by the failure of the hearse to answer the contract, had been adjudicated in the defendant's suit. Their conduct in these respects, was as complete an acceptance of the hearse as a fulfilment of the contract for its manufacture, and a waiver of all known defects, as receiving and keeping it after the defects were known to them, would be, and stands, substantially, upon the same ground. The plaintiffs' claim of damages for defects exceeded $10 ; but, as is well said by Judge REDFIELD, and as was held by Judge WHEELER on the trial in the county court, as we are informed by him, the plaintiffs had by the voluntary payment of $200, limited their claim of damages for defects in the construction of the hearse to $10. Hence, the plaintiffs' suit in that case appears to have been for the recovery back of the same $10 which they had allowed the defendant to recover by default in the suit in Franklin county, while in fact, the plaintiffs' suit was brought for the recovery of damages sustained by them from a failure of the hearse to fulfill the contract, and the defendant's suit was for the recovery of the balance of the price agreed to be paid for the manufacture of the hearse. We do not think that case, or the class of cases to which it belongs, in principle, identical with, or applicable to, the case at bar. Judge

28

REDFIELD appears to have been of this opinion, as he held that *Gale* v. *Cooper*, 11 Vt. 597, and *Carver* v. *Adams*, 28 Vt. 500, were not applicable to *Gilson et al.* v. *Bingham*, because they involved the question of set-off.

Judgment reversed, and cause remanded.