FRANK J. HUBBARD v. RUTLAND RAILROAD COMPANY.

Special Term at Rutland, November, 1907.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed January 16, 1908.

*Personal Injuries—Trial—Issue on Concession Submitting only Question of Damages—Effect of Failing to Object to Irrelevant Testimony—Motion in Arrest for Defects in Verdict—How Tested—Evidence no Part of Record.*

In an action for personal injuries, where defendant conceded the right of recovery, but denied the claim for damages, both in character and extent, in manner and form alleged, such an agreement or "special issue" was not thereby made as precluded recovery of damages which, though not specially set out in the declaration, were based on testimony received without objection; but the issue was that made by the pleadings, and the defendant by letting in the irrelevant testimony without objection, waived his right to object.

Though a motion in arrest of judgment for defects in the verdict is sustainable, it stands like a motion in arrest for defects in the pleadings, and must be tested by what appears on the face of the strict record, unaided by the evidence, which is no part of the record.

Nor is it sufficient that the matter relied on in arrest of judgment is of record, unless it is of *the* record before the court.

CASE for negligence. Defendant conceded the right of recovery, but denied the claim for damages, both in character and extent, in manner and form alleged. Trial by jury, at the June Term, 1907, Addison County, *Taylor*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

In respect of the concession the exceptions state that: ''Before the jury was empaneled the defendant stated to the court, in the presence and hearing of the plaintiff's counsel, that on the trial the defendant would concede every material allegation in the declaration that would entitle the plaintiff to recover in manner and form as set forth in the declaration excepting the allegation as to the damages; and as to the damages the defendant denied the plaintiff's claim for damages both in character and extent, in manner and form as set forth in the declaration. The plaintiff, without objection, proceeded to trial and gave evidence tending to show some of the circumstances of the accident and injury sustained by the plaintiff as specially set forth in his declaration as well as evidence, not objected to, as to damages claimed to have been received to the heart, and a kidney difficulty,—showing either Bright's disease, or diabetes, or both. The defendant made no objection to the admission of the plaintiff's testimony tending to show the existence of Bright's disease or diabetes, but cross-examined plaintiff's witnesses at length upon their testimony with respect thereto given on their examination in chief, and at the close of the plaintiff's evidence the defendant introduced testimony tending to dispute the plaintiff's evidence as to the existence of such disease or diseases, and as to the seriousness and permanency of the plaintiff's condition in that respect.'' The declaration says nothing about injury to the heart, nor about kidney difficulty, nor about either Bright's disease or diabetes. The court submitted to the jury plaintiff's claim, on the evidence, ''that he is suffering from some trouble

of the kidneys, or kindred trouble of greater or less gravity, and that he has some difficulty with his heart.''

*H. Henry Powers* and *P. M. Meldon* for the defendant.

When-plaintiff went to trial on defendant's concession, he thereby agreed that no damages could be claimed except those specially set out in the declaration. The verdict then went outside the issue and embraces damages not sued for. Gould Pl. Ch. 3, §168.

It was error to deny the motion in arrest. A motion in arrest will lie for defects in the verdict. Gould Pl. Ch. 10, §§9, 10, 55, 56, 58. It is not questioned that in all cases where the motion in arrest goes to defects in the pleadings an inspection of the record alone is to govern, and the evidence cannot be looked into. But it is contended that in cases where the motion goes to defects in the *verdict,* the rule is different. The verdict is part of the record, but any defect in it is not apparent upon its face. The verdict is not a pleading and if a motion in arrest will lie for defects in it, of necessity it must be looked into to discover such defects. This necessitates an examination of the evidence upon which it rests.

*Davis & Russell* for the plaintiff.

A motion to set aside a verdict upon the ground that it is excessive raises the question of whether it is the result of passion and prejudice. *Hovey* v. *Brown,* 59 N. H. 114; *Merrill* v. *Perkins,* 61 N. H. 262; *Railroad Co.* v. *Fraloff,* 100 U. S. 24; *Wabash Ry. Co.* v. *McDonald,* 107 U. S. 456; *Lincoln* v. *Power,* 151 U. S. 436; *Benton* v. *Collins,* 47 L. R. A. 33.

A motion to set aside a verdict because of excessive damages is addressed to the discretion of the trial court. The court exercised its discretion and overruled the motion. It cannot be reviewed here. *Ranney* v. *R. R. Co.,* 67 Vt. 601; *Barrette* v. *Carr,* 75 Vt. 428; *Sartwell* v. *Soules,* 72 Vt. 270; *Massuco* v. *Tomassi,* 80 Vt. 186; *Harriman* v. *Richardson,* 48 Vt. 511; *Newton* v. *Brown,* 49 Vt. 16; *Sowles* v. *Carr,* 69 Vt. 414; *Averill* v. *Robinson,* 70 Vt. 161; *State* v. *Peach,* 70 Vt. 283; *Jangrave* v. *Mee,* 75 Vt. 214; *Marcy* v. *Parker,* 78 Vt. 87.

The alleged injuries made this testimony admissible. It was not necessary to the admission of this evidence that the parts claimed to be injured should be described with anatomical nicety. The testimony will be presumed to have been connected with testimony of the injuries claimed and alleged, since the bill of exceptions shows nothing to the contrary. *Lewis* v. *Crane & Sons,* 78 Vt. 216; *Manley* v. *D. & H. Co.,* 69 Vt. 101.

The objection that testimony was inadmissible comes too late, when made in support of a motion in arrest, or to set aside the verdict. *Davenport* v. *Hubbard,* 46 Vt. 200; *Hartland* v. *Henry,* 44 Vt. 593; *Laurent* v. *Vaughn,* 30 Vt. 90; *Porter* v. *Gile,* 44 Vt. 520; *Dunnett & Slack* v. *Gibson,* 78 Vt. 439; *Weed* v. *St. J. & L. C. R. Co.,* 66 Vt. 420.

The record considered on a motion in arrest does not include the evidence. *Montpelier & Wells River R. R. Co.* v. *Macchi,* 74 Vt. 403; *Baker* v. *Sherman & Miller,* 73 Vt. 26; *State* v. *Johnson,* 72 Vt. 118; *State* v. *Hodgson,* 66 Vt. 134; *Wait* v. *Starkey,* 68 Vt. 181; *Battles* v. *Braintree,* 14 Vt. 348; *Noyes et al.* v. *Parker,* 64 Vt. 379; *State* v. *Warner,* 69 Vt. 30; *Morgan* v. *Hendricks,* 80 Vt. 284; *Trow* v. *Thomas,* 70 Vt. 580; *State* v. *Burns,* 79 Vt. 272.

If this Court should find error in the rulings of the trial court subsequent to the verdict, it should remand for the correction of such errors only, and not remand generally, or for a new trial. *State* v. *Newell,* 71 Vt. 476; *Ranney* v. *Railroad Co.,* 67 Vt. 601.

ROWELL, C. J. Case for negligently injuring the plaintiff by a collision of trains, on one of which he was a passenger. Plea, the general issue, and trial by jury. Verdict and judgment for the plaintiff. The defendant conceded the right of recovery, but denied the claim for damages, both in character and extent, in manner and form alleged.

The plaintiff introduced evidence tending to show, to which the defendant did not object, that a substantial part of his damages resulting from the accident were a heart difficulty and a kidney trouble, and the damages were assessed entire.

The defendant moved to set aside the verdict, for that it included damages not sued for, and covered damages outside

the issue made in the case. As to the issue made in the case, the defendant contends that when the plaintiff went to trial on its concession, it was practically an agreement that no damages could be claimed except those specifically set out in the declaration; and this it calls "a special issue," and the issue outside of which damages were assessed. But we do not feel warranted in saying that a special issue was thus made, for the language of the concession does not imply it, nor do the exceptions indicate that such was the understanding. Therefore the issue made in the case must be taken to be the issue made by the pleadings. This being so, the defendant, by letting the testimony go in without objection, waived its right to object.

This precise question was ruled in *Davenport* v. *Hubbard,* 46 Vt. 200. That was assumpsit standing on the general issue. The defendant, without objection till after the testimony was closed, proved a judgment that should have been specially pleaded. The Court said that as the pleadings stood, it would have been error to receive evidence of the judgment had it been objected to; but that by allowing it to be received without objection, the plaintiff waived any objection he might have had on the ground that it was not admissible under the pleadings.

The defendant moved in arrest, for that "the verdict is largely based on facts not in issue under the declaration and concessions of the defendant made on trial and accepted by the plaintiff, and varies materially from the issue made on trial, and finds facts foreign to such issue, and is for entire damages, without discrimination between facts made material and immaterial by the issue, and is insufficient."

It is conceded that when the motion goes to defects in the pleadings, an inspection of the record alone is to govern, and that the evidence cannot be looked into. But it is contended that when the motion goes to defects in the verdict, as this motion does, the rule is different; that the verdict is a part of the record, but any defect in it is not apparent on its face; that it is not a pleading, and if a motion in arrest will lie for defects in it, it follows that it must be looked into to discover those defects, and that this necessitates an examination of the evidence upon which it rests.

That a judgment may be arrested for defects in the verdict is clear. But a motion for that purpose stands like a motion in arrest for defects in the pleadings, and like that, must be

tested by what appears on the face of the record, of which the verdict is a part. Mr. Gould says, in speaking of Lord Mansfield's disapprobation of the rule that when there are good and bad counts and a general verdict for the plaintiff for entire damages, without discriminating between the counts,—that no rule appears to be more clearly warranted by the original principles of the law than that, for the judgment, which is only an inference of law from the facts ascertained upon the record, must always be formed from the face of the record itself, and from that alone; and as the jury must be presumed to know nothing of the sufficiency or the insufficiency of counts, the conclusion seems perfectly just, in legal theory, that the damages are as likely to have been assessed in whole or in part on the bad count as on the good count. Gould's Pl. c. X, sec. 58, n. (7).

Mr. Tidd says that the only ground for arresting judgment at this day is, some matter intrinsic, appearing on the face of the record, that would render the judgment erroneous and reversible; for though it seems to have been otherwise formerly, yet it is now settled that judgment cannot be arrested for extrinsic or foreign matter not appearing on the face of the record, but that courts are to judge upon the record itself, that their successors may know the grounds of their judgment. 2 Tidd's Pr. [*918]. And this reason he got from *Sutton* v. *Bishop,* 4 Burr. 2283. That case, we are told by the reporter, was particularly circumstanced, long debated, and largely discussed. The question arose on a motion to set aside the verdict obtained by the plaintiff, but not fairly and regularly, as the defendant claimed. The court thought, on the whole, that the defendant was entitled to some relief, but was in doubt as to the mode in which he should receive it. It said that the verdict could not be set aside for irregularity, for it was not irregular; that there was no pretence to arrest judgment, because nothing appeared on the face of the record to justify it; that the court ought not to arrest judgments on matters not appearing on the face of the record, but should judge upon the record itself, that its successors might know the grounds of its judgment. It was agreed that *audita* would be the most appropriate method of relief, and was the old remedy, but as that had been long discussed and would be expensive, the court chose to adopt a summary way, if it could, and finally was of opinion that it might be done by

a special rule, particularizing the circumstances of the case, and upon staying execution, as such a rule would be a record of the court, and the special reasons of making it would appear in it and be on record. This case would seem to preclude the idea of any difference in trying motions in arrest for defects in the verdict and motions in arrest for defects in the pleadings, for the reason given for trying by the record at all is as applicable to one motion as to the other. Nor is it sufficient that the matter relied upon in arrest is of record, unless it is of *the* record before the court. Thus, in *Peachy* v. *Harrison*, 1 Salk. 77, it was held not a good exception in arrest that there was no warrant of attorney filed, though that was matter of record, and might be assigned for error; and the reason was, though it was a matter of record, yet it was not of the record before the court, but of another record.

The defendant contends, as we have seen, that if the testimony cannot be looked into when the verdict does not show the defect on its face, there can be no remedy in such a case by motion in arrest. And that is true if, as here, if anywhere, the defect appears only in the testimony, for that is not a part of the record, and the court must judge *upon* the record, and upon that alone. But the verdict being a part of the record, if the record as a whole shows the defect, it is enough. And it will show it, and must show it, if it is a defect that the law recognizes as ground for a motion in arrest. Thus, if the verdict varies substantially from the issue, as if, instead of finding the matter in issue, the jury finds something foreign to the issue, the judgment must be arrested, for the court cannot tell for which party judgment should be rendered. Here the verdict does not show the defect on its face, but taken with the rest of the record, which shows what the issue was, the record as a whole shows the defect on *its* face. The same is true when the verdict finds only part of the matter in issue, omitting to find either way another material part. These instances are sufficient to show how defects in a verdict not apparent on its face are made to appear for the purposes of a motion in arrest.

*Judgment affirmed.*